IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

CORRINE A. JONES,

Plaintiff,

v.

DR. MARC JEROME,

Defendant.

CIVIL NO. SX-2015-CV-00249

**ACTION FOR DAMAGES**

**2025 VI SUPER 18**

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant's Motion and Memorandum of Law for Summary Judgment and Statement of Undisputed Material Facts ("Motion"), filed April 17, 2024, and Plaintiff Corrine Jones's Opposition to Defendant's Motion for Summary Judgment ("Opposition") and Response to Defendant's Statement of Facts, both filed June 17, 2024. Defendant Jerome filed no reply to Plaintiff's Opposition. For the reasons that follow, Defendant's Motion will be granted.

## BACKGROUND

Plaintiff Jones originally filed a substantively identical medical malpractice action against Jerome that was dismissed by Memorandum Opinion and Order ("Opinion") entered March 12, 2015, amended by Order entered June 18, 2015 (*Jones v. Jerome*, SX-2002-CV-00535) ("*Jones I*").[1] The facts alleged and the course of that litigation were described in the *Jones I* Opinion:

Plaintiff Corrine Jones underwent a total abdominal hysterectomy at the suggestion of Defendant Dr. Marc Jerome, on May 28, 2001. Plaintiff alleges that Defendant "failed to properly and completely advise Plaintiff of the possible adverse results of that surgery;" that Defendant "failed to examine the ureter prior to or at the

---

[1] Jones timely appealed the dismissal of *Jones I* to the Supreme Court (S.Ct. Civ. No. 2015-0033) on April 10, 2015, and the same day filed in the Superior Court her Motion to Amend Order of Dismissal to reflect that the dismissal was without prejudice. The Supreme Court remanded the matter for the limited purpose of allowing this Court to address Jones' motion, which the Court granted by Order entered June 18, 2015, amending the March 12, 2015 Opinion and Order to reflect that *Jones I* was dismissed without prejudice. Thereafter, pursuant to the parties' stipulation, the Supreme Court dismissed the appeal of *Jones I* by Order entered July 7, 2015. Jones filed this matter on June 30, 2015.

conclusion of the hysterectomy;" that he "improperly transected the ureter" and "generally failed to properly diagnose, test, analyze tests, consult, treat and inform Plaintiff which such actions were below the standard of care." Plaintiff alleges that as a result she required three subsequent surgeries and was left with physical injuries.

Plaintiff filed her proposed Complaint with the Medical Malpractice Action Review Committee ("MMARC") on August 12, 2002 and filed her Complaint with this Court ten days later, on August 20, 2012 [sic].

Defendant filed a Motion for Summary Judgment and Motion to Dismiss Complaint for Failure to Comply with 27 V.I.C. § 166i, signed November 13, 2003, arguing that Plaintiff's failure to wait 90 days after filing her proposed Complaint with the MMARC before filing the Complaint in Superior Court deprived the Court of jurisdiction over this action. By Order entered September 20, 2004 ("2004 Order"), Judge Edgar Ross denied the Motion "because Defendant has not shown that he complied with the provisions of 27 V.I.C. § 166a, he has not demonstrated that the Health Care Provider Malpractice Act applies to him. Therefore, [the] Court must deny Defendant's Motion at this time."

Defendant filed a Motion for Reconsideration of Order, attaching copies of Dr. Jerome's license to practice medicine and his Certificate of Insurance, for the period of October 1, 2000 through September 30, 2001. By Order entered December 7, 2004, the Court denied Defendant's Motion for Reconsideration, holding that "Dr. Jerome's submission of an unauthenticated insurance certificate predating the time Ms. Jones filed her Complaint is insufficient to establish requisite proof."

Thereafter, the case lay dormant for over three years, until Defendant filed his instant Motion [to Dismiss Complaint] on February 26, 2008. Plaintiff filed her Opposition on April 11, 2008, and, again the case lay dormant, this time for roughly six years. On November 10, 2014, the Court issued an Order requiring that the parties "separately or jointly, shall report in writing as to the status of this matter and, specifically, whether Defendant's Motion to Dismiss Complaint, and related motions, require determination by the Court." By the same Order, each party was also afforded the opportunity to submit supplemental briefings on any issues that had yet to be determined.

Defendant filed a Status Memorandum on December 1, 2014, informing that this Court's subject matter jurisdiction over the case was still in dispute, and that "[n]othing with respect to discovery has occurred in the last eleven years." Plaintiff did not respond to the Court's November 10, 2014 Order.

*Jones v. Jerome*, 62 V.I. 160, 161-62 (V.I. Super. Ct. 2015) (internal references to the *Jones I* record omitted).

Promptly following the disposition of *Jones I*, Plaintiff filed her Complaint in this matter on June 30, 2015 ("*Jones II*"), mirroring the same medical malpractice allegations presented in her first action. Jerome filed an Incorporated Motion and Memorandum of Law for Judgment on the Pleadings for Lack of Subject Matter Jurisdiction ("Motion on the Pleadings") on April 11, 2019, arguing that Jones' claims were barred by the statute of limitations. Jones filed her Opposition on May 14, 2019, conceding that the Complaint was filed outside the two-year statute of limitations for medical malpractice claims, primarily arguing that the limitation period had been equitably tolled by her prosecution of *Jones I*. The Motion on the Pleadings was addressed at a September 26, 2019 Status Conference, and the Court ruled from the Bench that Jones' filing of *Jones I* equitably tolled the statute of limitations for this second action:

> I find that the filing of the initial complaint under these circumstances and the factors that are set forth in the Jensen case [*Jensen v. V.I. Water & Power Auth.*, 52 V.I. 435 (V.I. 2009)] suggest that the statute of limitations is equitably tolled and so the statutory requirements of section 166i relating to the filing of the complaint following the 90-day period has been accomplished by the filing of the second complaint. So [the motion seeking dismissal for lack of] subject matter jurisdiction fails. And the equitable tolling analysis that I take from the Jensen case, the weighing of those factors, specifically that the filing of the first action gave the defense notice - - timely notice of the plaintiff's claim.
>
> Secondly, notwithstanding the 13-year lapse between the first action and the second action the defendant isn't prejudiced because in the first action the parties did engage in - - I don't know how extensive discovery was, but sufficiently extensive discovery that the positions of the parties and the facts that needed to be developed were subject to discovery by both parties such that the defendant, prior to filing the delayed motion to dismiss, did engage in discovery which negates prejudice to defendant by the lapse of time.
>
> Thirdly, the plaintiff acted reasonably and in good faith in prosecuting the first action, notwithstanding the fact that the plaintiff was outside the statute of limitations resulting in the dismissal of the first complaint pursuant to the failure to follow the time frame set forth within 27, 166i. But once the case was engaged, the plaintiff did prosecute that first action. And then once that action was dismissed, the plaintiff was diligent and timely within three weeks of filing that second action. That is three weeks from the entry of the dismissal without prejudice.

So on that basis, I'll deny the Motion.   Hearing Tr. 6:1-7:12, Sept. 26, 2019.[2]

Jerome's present Motion argues that Plaintiff's claims accrued in 2001 are barred by the statute of limitations, and that the Court should find equitable tolling inapplicable to Plaintiff's claims, relying upon the Supreme Court's decision in *Raymond-Benjamin v. Assefa* (72 V.I. 815 (V.I. 2020)), decided after the Court's denial of Defendant's Motion on the Pleadings.

Jones' Opposition argues that Jerome's Motion is a motion for reconsideration of the Court's October 8, 2019 Order denying Jerome's Motion on the Pleadings disguised as a Rule 56 motion. Jones further argues that Jerome has suffered no prejudice by the filing and prosecution of *Jones II* and, if he has been prejudiced, it was due to his failure to engage in discovery in *Jones I*.

Further, Jones notes that the Supreme Court has recently recognized that the United States Supreme Court has progressively directed courts to exercise more discipline in finding a statutory bar to subject matter jurisdiction, noting that "the mere fact that a requirement or limitation is set forth in a statute does not render it automatically jurisdictional; rather, such a provision is only jurisdictional if a legislature intended to limit a court's power to hear a case." *Keating-Smith v. Mustafa*, 78 V.I. 866, 885-86 (V.I. 2024) (citations omitted). In light of this trend, Jones invites the Court to find that *Brady v. Cintron*, 55 V.I. 802 (V.I. 2011), which first recognized the jurisdictional bar to a medical malpractice action filed out of compliance with the 90-day waiting period of 27 V.I.C. § 166i(b), was "incorrectly decided." Opposition, at 9. Because the Supreme Court has not so held, the Court declines Plaintiff's invitation to strike out on its own contrary to established precedent.

## LEGAL STANDARD

By Virgin Islands Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A movant is entitled to summary judgment if

---

[2] The Court's oral ruling denying Jerome's Motion on the Pleadings was memorialized by Order entered October 8, 2019.

there is no triable issue of material fact." *Basic Servs., Inc. v. Gov't of the V.I.*, 71 V.I. 652, 658 (V.I. 2019) (citing *Rymer v. Kmart Corp.*, 68 V.I. 571, 575 (V.I. 2018)).

In reviewing the Motion, the Court must view all the evidence in the light most favorable to the non-moving party. *Basic Servs., Inc.*, 71 V.I. at 659 (citing *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379 (V.I. 2014)). "Because summary judgment is a drastic remedy, *see Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981), it should be granted only when 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008) (quoting Fed. R. Civ. P. 56(c)).

The burden is on the moving party to demonstrate that there are no genuine issues of material fact in dispute. *Martin v. Martin*, 54 V.I. 379, 388 (V.I. 2010). "Once the moving party has identified the portions of the record that demonstrate no issue of material fact, 'the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his favor.'" *Rymer v. Kmart Corp.*, 68 V.I. 571, 576 (V.I. 2018) (quoting *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013)). ("The non-moving party 'may not rest upon mere allegations, [but] must present actual evidence showing a genuine issue for trial.'") (quoting *Williams*, 50 V.I. at 194) (brackets in original). "Therefore, to survive summary judgment, the nonmoving party's evidence must 'amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Kennedy Funding Inc. v. GB Props., Ltd*, 73 V.I. 425, 431 (V.I. 2020) (quoting *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001)). [3]

---

[3] Plaintiff argues that Jerome's Motion is actually a motion for reconsideration of the Court's October 8, 2019 Order memorializing the denial of Jerome's Motion on the Pleadings that should be denied as grossly out of time under V.I. R. Civ. P. 6-4(a). While Jerome might have sought leave to file a motion to reconsider the Order denying his Motion on the Pleadings based upon an intervening change in controlling law in light of *Raymond-Benjamin v. Assefa* (Rule 6-4(b)(1)), the Court treats the Motion as presented, seeking summary judgment under Rule 56.

## DISCUSSION

Plaintiff does not dispute that this action was filed outside the two-year medical malpractice statute of limitations set out in 27 V.I.C. § 166d(a) of the Medical Malpractice Act ("MMA"). Accordingly, the action may only go forward if the statute of limitations was tolled, as the Court determined in denying Jerome's Motion on the Pleadings. The Supreme Court:

> held in *Brady* that under the MMA, courts lack subject-matter jurisdiction over an action if "a health care provider [is] covered by the Government of the Virgin Islands, Department of Health's Self-Insurance Retention Program or any other insurance policy as provided for in section 166e of this Title," 27 V.I.C. § 166a, and the plaintiff has not complied with the procedures required under the statute. In order for a court to have jurisdiction over a medical malpractice action, our *Brady* precedent thus requires either that the plaintiff has complied with the requirements of the MMA or that the defendant is not covered by the MMA.

*Raymond-Benjamin v. Assefa*, 72 V.I. at 824.[4]

Jerome argues that the Supreme Court's decision in *Raymond-Benjamin v. Assefa* requires

---

[4] In *Raymond-Benjamin,* the Supreme Court explained the jurisdictional bar regarding the MMA's pre-filing requirements:

> The Medical Malpractice Act establishes a pre-filing requirement that "[n]o action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the [Medical Malpractice Review] Committee and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court." 27 V.I.C. § 166i. This Court has held that this requirement is a jurisdictional bar: the judicial system does not obtain subject-matter jurisdiction over a matter governed by the MMA until the 90 days have passed or the Committee has received the expert opinion. *Brady v. Cintron*, 55 V.I. 802, 815-16 (V.I. 2011).

> This Court ordered supplementary briefing to address the question of whether *Brady* should be revisited in the wake of the United States Supreme Court's decision in *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 204 L. Ed. 2d 116 (2019). However, on further review, we need not reach that issue in this proceeding, as a party's good faith must be determined based on the laws in effect at the time, and it is unquestionable that *Brady* was the law at the time Raymond filed her first action. The time to re-assess *Brady* would have been during *Raymond I*, which was dismissed due to the jurisdictional bar but that dismissal order was not appealed; it is not necessary for the disposition of *Raymond II*. We therefore do not reach that question in this proceeding.

*Raymond-Benjamin v. Assefa*, 72 at 822 n.4.

that this Court find that there are no genuine issues of material fact to be determined at trial, and that as a matter of law Jones is not entitled to equitable tolling of the statutory limitation period. He claims that the facts and reasoning in *Raymond-Benjamin* are "indistinguishable" from instant case so this Court must grant summary judgment and dismiss the action. Motion, at 11.

A Virgin Islands trial court may find that a statutory limitations period has been equitably tolled in the filing of a subsequent action where a comparable first action was dismissed for any reason other than on the merits if:

> (1) the first action gave defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action.

*Jensen v. V.I. Water & Power Auth.*, 52 V.I. 435, 443 (V.I. 2009) (quoting *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 217-18, 44 V.I. 389 (3d Cir. 2002)).

Accordingly, equitable tolling is "unavailable when a plaintiff was lackadaisical about prosecuting her claims, or when the initial suit was not prosecuted in good faith." *Raymond-Benjamin*, 72 V.I. at 823 (citing *Pichierri v. Crowley*, 59 V.I. 973, 982 (V.I. 2013)).

In *Island Insteel*, the Third Circuit considered a trademark infringement action, dismissed for lack of personal jurisdiction by the U.S. District Court in Puerto Rico, and subsequently refiled in an identical action in the U.S. District Court of the Virgin Islands, after the statutory limitation period had passed. The Third Circuit held that that "under Virgin Islands law, the statute of limitations for a second action may be equitably tolled by the filing of an earlier action dismissed for lack of personal jurisdiction" if the above-enumerated factors were present. 296 F.3d at 204. The Court explained its rationale for such fashioning discretionary equitable relief:

> This doctrine of equitable tolling preserves the protections that statutes of limitations are intended to afford to defendants. At the same time, it avoids the unfairness to plaintiffs that would occur if plaintiffs who diligently but mistakenly prosecute their claims in a court that lacks personal jurisdiction find their claims time-barred when they refile in a proper jurisdiction.

*Id.* at 205.

Jerome "does not dispute the first *Jensen* factor and admits that he was given notice of Plaintiff's claim." Motion, at 11. The Supreme Court has held that "[t]he second factor requires that the lapse of time between the dismissal of the first action and the filing of the second action not prejudice [the defendant]." *Pichierri*, 59 V.I. at 980. Jerome concedes that there was no delay between the dismissal of *Jones I* on June 18, 2015, and the filing of *Jones II* on June 30, 2015, but argues that he is nonetheless prejudiced by "the lapse of time between the *filing* of the two actions." In these circumstances, where *Jones I* was filed in 2002 and *Jones II* was filed in 2015, he claims that he has been "severely prejudiced." Motion, at 11-12 (emphasis added).

Regarding the second factor, Jerome acknowledges authority that views the lapse of time between the actions as focused on the time between dismissal of the first action and the filing of the second. He argues that *Jensen* should not be read so restrictively, and should permit a court to consider generally "the lapse of time between the first and second actions" and whether the defendant is prejudiced. *See id.* at 12 (citing *Jensen*, 52 V.I. at 443). Applying that standard here, Jerome urges that the lapse of time between the filing of the two actions prejudiced him, so that the limitation period may not be equitably tolled.

While Jerome may have been prejudiced by the passage of 14 years between the filing of *Jones I* and that of *Jones II*, the Supreme Court has viewed the second *Jensen* factor as measuring "the lapse of time between the dismissal of the first action and the filing of the second action." *Pichierri*, 59 V.I. at 980. The lapse of time between the dismissal of *Jones I* and the filing of *Jones II* three weeks later did not prejudice Jerome. We need not determine here whether the lapse of time between the two actions should be read more expansively as Jerome urges because any prejudice that he may have suffered as the result of delays in the prosecution of *Jones* I may be fully considered in reviewing *Jensen's* third prong.

In order for the statute of limitations to be equitably tolled in this matter, Jones must establish that she "acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action." *Jensen*, 52 V.I. at 443. As Jerome concedes and the Court finds, Jones acted diligently in filing this second action promptly after the dismissal of *Jones I*. The operative issue for consideration regarding the third prong is whether Jones acted

reasonably and in good faith in prosecuting that original action.

"The *Island Insteel* test is highly fact-specific, and its application is generally committed to the discretion of the trial court in the first instance." *Pichierri*, 59 V.I. at 979 (citing *Island Insteel*, 296 F.3d at 218) (internal quotation marks omitted). Equitable relief from the statutory bar may be available to protect an otherwise time-barred plaintiff who diligently but mistakenly prosecuted an original action in the wrong court. However, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Pichierri*, 59 V.I. at 979 (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

This "fact-specific" inquiry addresses whether Plaintiff reasonably and in good faith prosecuted *Jones I*, entitling her to equitable tolling of the statute of limitations in this action. In *Jones I*, Plaintiff's Complaint was filed August 22, 2002 (ten days after she had filed her proposed Complaint with the MMARC). Defendant Jerome filed his Answer and Affirmative Defenses November 5, 2002, and his Rule 26 Initial Disclosures on February 13, 2003, including 208 pages of medical records from Defendant Dr. Jerome and from Juan F. Luis Hospital where Plaintiff's treatment was provided. On April 8, 2003, Plaintiff served her Subpoena Duces Tecum on Juan F. Luis Hospital seeking all medical records relating to her care "from February 23, 2003 to present." By letter of April 30, 2003, Defendant's counsel responded to Plaintiff's April 16, 2003 request for "a certificate of insurance," advising that there was "no certificate or policy providing coverage" as "coverages and limits are set by statute."

On June 25, 2003, Jerome filed his demand for production of documents, to which Plaintiff responded on August 8, 2003. Plaintiff served interrogatories and demand for production of documents on Defendant on September 15, 2003. Defendant served his expert witness interrogatories on Plaintiff on September 19, 2003, to which no response is reflected in the Court's file. Defendant failed to timely respond to written discovery prompting Plaintiff's counsel's November 17, 2003 letter to defense counsel, advising that lack of compliance would result in a motion to compel. Plaintiff filed her Motion to Compel on December 12, 2003.

Defendant filed his Motion to Stay Discovery on December 19, 2003 and filed his Opposition to Plaintiff's Motion to Compel on December 22, 2003, based upon his then-pending November 18, 2003 Motion for Summary Judgment and Motion to Dismiss Complaint for Failure to Comply with 27 V.I.C. §166(i) [sic], with Memorandum of Law in Support of Motion to Dismiss Complaint.[5] Plaintiff filed her Opposition to Defendant Jerome's Motion for Summary Judgment and Motion to Dismiss Complaint on January 8, 2004, to which Defendant replied on January 20, 2004. Plaintiff filed her Opposition to Defendant's Motion to Stay Discovery on February 23, 2004, and filed her Reply in support of her Motion to Compel on February 23, 2004.

Neither party initiated any discovery after Defendant's September 19, 2003 expert witness interrogatories during which time Defendant's November 18, 2003 dispositive motion, Defendant's December 19, 2003 Motion to Stay Discovery and Plaintiff's December 12, 2003 Motion to Compel were pending. The Court did not address either Plaintiff's Motion to Compel or Defendant's Motion to Stay Discovery but did deny Defendant's Motion for Summary Judgment and to Dismiss by Order entered September 20, 2004.[6] Defendant filed his Motion for Reconsideration on October 20, 2004, opposed by Plaintiff on November 16, 2004, which the Court denied by Order of December 7, 2004.

The Court's denial of Jerome's Motion for Summary Judgment and to Dismiss rendered moot Defendant's Motion to Stay Discovery. Yet, the Court did not rule on the motion to stay and neither party initiated additional discovery or responded to pending discovery requests. Following the retirement of the assigned judge, the case was reassigned to a new judicial officer on May 3, 2006. The case remained dormant.

More than three years later, Defendant filed his Motion to Dismiss Complaint on February 26, 2008, based upon the same jurisdictional argument previously presented. That

---

[5] That Motion sought judgment on jurisdictional grounds for failure to comply with the filing requisites of 27 V.I.C. § 166i(b).

[6] The Court's denial of the Motion (entered prior to the Supreme Court's holding in *Brady v. Cintron*), ruled that Jerome had not complied with statutory provisions by failing to show that he was a health care provider under the MMA.

Motion to Dismiss was opposed by Plaintiff on April 11, 2008, who filed her Motion to File Brief in Excess of Allotted Page Limit on the same date. Defendant opposed the excess page limit request on April 28, 2008.

There was no activity initiated by either party in the case for the next six and one-half years. This matter was reassigned to the undersigned on February 14, 2013 and continued to lay dormant until the Court's Order entered November 10, 2014, required the parties to submit reports on the status of the case and of Defendant's Motion to Dismiss.[7] Defendant filed his Status Memorandum on December 1, 2014, noting *inter alia*, that "nothing with respect to discovery has occurred in the last eleven years." Plaintiff filed nothing in response to the Court's Order. The Court's March 12, 2015 Opinion dismissed the case.

In the context of a Rule 41(b) motion for involuntary dismissal for failure to prosecute, the Supreme Court has recognized that "[a]lthough delay caused by a defendant may be considered by the court, the primary responsibility for furthering a case is upon the plaintiff and his attorney." *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292 (V.I. 2010) (citation omitted). That recognition is based upon the reality that "unlike a plaintiff, a defendant has no affirmative duty to take any steps to bring a case to trial..." and "the duty to prosecute rests with the plaintiff, not the defendant... ." *Id.* (citations omitted).

Jones submits that Jerome contributed to the delays in the resolution of *Jones I* through his dispositive motions and his motion to stay discovery. The current version of the applicable procedural rules includes a subsection entitled: "Effect on the Discovery Process of Motions Filed," which states: "The filing of any motion -- including potentially dispositive motions such as a motion to dismiss or a motion for summary judgment -- shall not stay discovery in the action unless the judge so orders." V.I. R. CIV. P. 26(d)(4). Although a comparable provision did not appear concerning discovery in the then-applicable Federal Rule 26, the pendency of the 2003 and 2004 discovery and dispositive motions in *Jones I* in no way prevented Plaintiff from

---

[7] The Order also noted that Plaintiff's fully briefed Motion to Compel, filed December 12 2003, Defendant's Motion to Stay Discovery, opposed by Plaintiff, filed December 19, 2003, and Plaintiff's April 11, 2008 Motion to File Brief in Excess of Allotted Page Limit all remained pending.

vigorously prosecuting her claim.

In exercising discretion in assessing whether equitable tolling may apply, "*Island Insteel* instructs future courts to consider the individual and unique facts of each case." *Pichierri v. Crowley*, 59 V.I. at 981 (citing *Island Insteel*, 296 F.3d at 218). A review of the unique facts of the prosecution of *Jones I* reflects "a pattern of dilatory inattention." *Id.* at 982. Nowhere in Plaintiff's Opposition or in her Response to Defendant's Statement of Facts or in the 247 pages of exhibits filed in support does she describe substantive actions taken to reasonably and in good faith prosecute *Jones I*. Her voluminous filings demonstrate no activity at all designed to move her claims forward after 2004. The flurry of activity in the case in 2008 relates exclusively to defending Jerome's renewed dispositive motion, followed by more years of inaction until the Court's November 10, 2014 Order required the parties' responses and led to the March 9, 2015 dismissal of *Jones I*.

Jerome has submitted his April 14, 2024 Affidavit in support of the Motion, noting that in the 13 years *Jones I* was pending, he was never deposed. Born in 1935, when his deposition was finally taken in this action, more than two decades after the events giving rise to the litigation, Jerome was 88 years old. He admitted that his "memory of Plaintiff and her claims has faded over time" as has his "memory of what was required for Plaintiff's care, the exact condition of Plaintiff, and all care provided has faded to a great extent." "In truth, most of my memory regarding my interactions with Plaintiff is muddled and based upon a reflection of office notes from Plaintiff more than 20 years ago." Motion, Ex. 5 ¶¶ 8, 10, 13, 17.

Applying *Jensen's* third prong in consideration of the propriety of equitable tolling requires a focus on Plaintiff's reasonableness and good faith in prosecuting *Jones I*. The severe prejudicial effect described by Jerome is a direct result of Jones' unreasonable and dilatory prosecution of *Jones I*. The U.S. Supreme Court has noted that "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply…, it is not an independent basis for invoking the doctrine." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 152. Likewise, in this case, the prejudice to Jerome, standing alone, does not justify rejecting the application of equitable tolling. That prejudice, however, "is a factor to

be considered." Reasonable and good faith prosecution of a plaintiff's claim will not result in prejudice because a defendant will not be called upon to defend himself more than two decades after the claim arose.

This more detailed review of the record and analysis requires a contrary conclusion to that rendered from the Bench on September 26, 2019, memorialized by Order entered October 8, 2019, denying Jerome's Motion on the Pleadings, decided prior to *Raymond-Benjamin*.[8] The present review and analysis requires a finding that Plaintiff did not act reasonably and in good faith in prosecuting *Jones I*. "The equitable tolling doctrine was designed to protect litigants from being deprived of a right to sue through no fault of their own; not to give a second chance to those who have neglected to diligently pursue their rights." *Raymond-Benjamin*, 72 V.I. at 823 (quoting *Estate of Melendez v. Gov't of the V.I.*, 2010 U.S. Dist. LEXIS 75663, *10 (D.V.I. 2010) (unpublished)). Jones lost the right to seek relief in *Jones I* by ignoring the statutory 90-day waiting period before filing, depriving the Court of subject matter jurisdiction. During the 13 years *Jones I* was pending, Jones failed to diligently pursue her rights by reasonably prosecuting her claims. Her neglect to act reasonably and diligently renders the doctrine of equitable tolling inapplicable and deprives her of a second chance to revive those same claims in *Jones II*.

Jerome argues that this matter and *Raymond-Benjamin* are indistinguishable, and that the binding precedent of the Supreme Court requires a finding of the inapplicability of doctrine of equitable tolling here. The *Jones I* facts are analogous to *Raymond-Benjamin* in some respects. Both claimants filed their initial pleadings in contravention of the MMARC prefiling requirement of 27 V.I.C. § 166i(b). Yet, that fact standing alone does not negate the possible application of equitable tolling. *Raymond-Benjamin* addressed that issue directly:

---

[8] The law of the case doctrine does not prevent the Court from re-examining its October 8, 2019 Order. That doctrine "does not preclude reconsideration of previously decided issues in extraordinary circumstances such as where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Greene v. V.I. Water & Power Auth.*, 65 V.I. 67, 75-76 (V.I. Super. Ct. 2016) (citation omitted) (*aff'd Greene v. V.I. Water & Power Auth.*, 67 V.I. 727 V.I. 2017)). Jerome bases his Motion on *Raymond-Benjamin*, precedential "new law" that post-dates the 2019 Order and guides the Court's exercise of its discretion in considering the applicability of the equitable tolling doctrine.

> Filing is part and parcel of prosecuting a claim; it is the first act taken in prosecuting a case, and failure to diligently file can be symptomatic of failure to diligently prosecute. *See Pichierri*, 59 V.I. at 982. However, failure to file in a manner that grants the court subject-matter jurisdiction cannot be in and of itself sufficient evidence of failure to prosecute, because to so hold would render the entire doctrine of equitable tolling moot; the doctrine's purpose is to compensate for exactly such an error. Rather, the mistaken filing must have been "unreasonable" or in bad faith.

72 V.I. at 823.

The plaintiff in *Raymond-Benjamin* argued that she prosecuted her first action in good faith but was hindered by the defendant health care provider's failure to provide proof that he was covered under the MMA. Despite that claim, her complaint alleged that the defendant was "a licensed physician in St. Thomas, U.S. Virgin Islands." As a prerequisite to that status, under the statutory licensure provisions, the physician possessed the insurance coverage mandated by the MMA. During the two-year period her first case was prosecuted, *Raymond-Benjamin* took no steps to clarify the discrepancy which the Supreme Court found "indicates that Raymond did not act in good faith in filing *Raymond I*, as she had no good faith belief that Dr. Assefa was not covered under the MMA. Therefore, Raymond has failed to satisfy the third *Jensen* factor and is not entitled to equitable tolling of the statute of limitations." *Id.* at 825.

The parties here have not contested the issue of Jerome's status as a licensed and insured physician under the MMA. Plaintiff's Complaint in *Jones I* provides that "Dr. Marc Jerome is a licensed physician in the U.S. Virgin Islands." Complaint, at ¶3. Nowhere in the Complaint did Jones allege that Jerome was not properly covered under the MMA. Instead, the Complaint stated that "[t]his Court has jurisdiction pursuant to the Medical Malpractice Act of the Virgin Islands as well as under its general jurisdiction." *Id.* at 1. Despite those jurisdictional claims, Jones filed her Complaint in contravention of the 90-day waiting period under V.I.C. § 166i(b).

*Raymond-Benjamin* instructs that failure to file her Complaint "in a manner that grants the court subject-matter jurisdiction cannot be in and of itself sufficient evidence of failure to prosecute." *Raymond-Benjamin*, 72 V.I. at 823. Absent the pleading inconsistencies determined to constitute bad faith in *Raymond-Benjamin*, it is instead Jones' woefully inattentive and

unreasonable prosecution of *Jones I* that denies her recourse to equitable tolling here. That doctrine is "unavailable when a plaintiff was lackadaisical about prosecuting her claims." *Id.*

Jones grossly failed to diligently prosecute her initial action. Notwithstanding the concomitant inattentiveness of Defendant and the Court, it was Plaintiff's burden to prosecute her case. Her failure to conscientiously pursue her rights in *Jones I* deprives her now of a second opportunity to require that Jerome answer the allegations she initiated 23 years ago. As such, Jones has failed to satisfy the third *Jensen* factor and is not entitled to equitable tolling of the statute of limitations in this action. Accordingly, Defendant's Motion will be granted, and Plaintiff's Complaint will be dismissed.

An Order consistent with this Memorandum Opinion is entered herewith.

DATED: July **2**, 2025.

DOUGLAS A. BRADY, JUDGE

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By: _____
    Court Clerk
    7/2/25